IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC THOMAS WRHEL,

                Plaintiff,

v.

UNITED STATES OF AMERICA and
COMMISSIONER OF THE INTERNAL REVENUE
SERVICE,

                Defendants.

OPINION & ORDER

15-cv-732-jdp

---

Eric Thomas Wrhel, a Madison resident appearing pro se, brings this lawsuit against United States, seeking injunctive relief, a tax refund, and damages concerning the alleged miscalculation of his taxes and harassing behavior of Internal Revenue Service officials. In particular, plaintiff alleges that he was incorrectly assessed a tax deficiency for 2010, and the tax deficiency was intentionally sent to an old address of plaintiff's, where IRS officials knew that plaintiff would not receive it.

Plaintiff's claims in this lawsuit closely track his claims in one of his previous lawsuits in this court, *Wrhel v. U.S. Treasury-Internal Revenue Serv.*, No. 15-cv-39-jdp. In that case, I dismissed plaintiff's claims for prospective relief under the Anti-Injunction Act, and dismissed plaintiff's claims for a refund under 26 U.S.C. § 7422 and claims for "[c]ivil damages for certain unauthorized collection actions" under 26 U.S.C. § 7433 because plaintiff did not first exhaust his claims within the IRS system by submitting an administrative claim. *See* Dkt. 21 in the '39 case, 2016 WL 1122103 (W.D. Wis. Mar. 22, 2016).

The government has filed a motion to dismiss, which, as in the '39 case, I will consider as one for summary judgment because both sides rely on evidence outside the scope

of the pleadings. Because plaintiff's claims in this lawsuit fail for much the same reasons as his previous suit, I will grant the government's motion and dismiss this case.

**A. Preliminary matters**

Plaintiff has filed several motions, including a motion for appointment of counsel. Dkt. 16. Plaintiff does not provide an affidavit explaining his financial situation, so I cannot tell whether recruitment of counsel would be appropriate from the financial perspective. Regardless, I will deny plaintiff's motion because recruitment of counsel would not make a difference in this case. As discussed below, plaintiff's claims must be dismissed because he seeks relief he cannot receive in this type of case and because he has not properly exhausted his administrative remedies.

Plaintiff has also filed two frivolous motions for additional remedies regarding his desire to permanently leave the country: a motion for an order "allowing [him] to travel anywhere, anytime, and for any reason that [he] see[s] fit," Dkt. 7, and a motion for an order forcing the Social Security Administration to pay him the benefits he believes he is owed before he leaves the United States, Dkt. 10. I denied identical motions from plaintiff in the '39 case and will do the same here.

Plaintiff has filed a profanity-laced letter addressed to the court, IRS, United States Attorney, and Unites States Postal Service, responding to a letter he received from the IRS discussing the address discrepancy that resulted in a notice of deficiency being sent to plaintiff's former address. Dkt. 19. While I understand plaintiff's frustration with the IRS's failure to keep abreast of plaintiff's proper address, it is inappropriate for any litigant to communicate to the court using such language. I expect that in the future, plaintiff will

address the court and his adversaries using respectful language, and any filing that includes profanity will be summarily stricken from the record.

**B. Motion for summary judgment**

In his request for relief, plaintiff asks that the IRS "[r]efrain from committing anymore 4th Amendment violations going forward." Dkt. 1, at 4. I take this to be a request for a court order enjoining the IRS from undertaking its tax collection activities in a harassing manner. But the Anti-Injunction Act provides, with limited exceptions that do not apply here, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). This means that taxpayers who dispute the taxes collected must do so in a suit for a refund of those taxes, not in a suit to enjoin collection. *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5-7 (1962). Plaintiff cannot receive injunctive relief in this lawsuit.

Plaintiff also appears to be bringing claims for a refund of a portion of his 2010 tax assessment and tort-style claims for various misdeeds he believes IRS employees have committed, such as intentionally sending a notice of deficiency to an address at which plaintiff no longer lived, and harassing plaintiff.[1] The United States has waived its sovereign immunity for both types of claims plaintiff seeks to bring. *See* 26 U.S.C. § 7422 (titled "Civil

---

[1] Plaintiff submitted a letter fleshing out his tort-style claims and adding new allegations about the IRS's "conspiracy to commit fraud," "illegal search and seizure," "spoliation of evidence," "trespassing on private property," "harassment," "intimidation thru scare tactic propaganda," "illegal taxation," and "gross negligence." Dkt. 14. The government contends that this letter should not be treated as a pleading. Even if I considered plaintiff to be properly raising new §§ 7422 and 7433 claims in this letter, those claims would be dismissed for failure to exhaust administrative remedies, as discussed in this opinion.

actions for refund") and 26 U.S.C. § 7433 (titled "Civil damages for certain unauthorized collection actions").

But both types of claims may be brought in federal court only after the taxpayer has first filed an administrative claim with the IRS as set out in its regulations. *See* 26 U.S.C. § 6532(a) ("No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time"); 26 C.F.R. § 301.7433–1(d)-(e). The administrative claim must be filed *before* a federal lawsuit is filed. *Gray v. United States*, 723 F.3d 795, 802 (7th Cir. 2013). The government contends that plaintiff's claims should be dismissed because he did not exhaust his administrative remedies.[2]

I dismissed plaintiff's '39 lawsuit because he did not file an administrative claim before bringing his §§ 7422 and 7433 claims in that case. But I noted that he had perhaps filed an administrative claim *after* he initiated the '39 lawsuit:

> When it filed its motion, the government contended that plaintiff never filed an administrative claim regarding his 2010 taxes. In his formal response, plaintiff did not dispute this. But following completion of briefing on the motion, he submitted a supplement that included a copy of a January 2016 order from the United States Tax Court that suggests that he did make an administrative claim. *See Wrhel v. Comm'r of Internal Revenue*, No. 15387-15 (T.C. Jan. 7, 2016), Dkt. 16-1.
>
> According to the Tax Court's decision, plaintiff filed a petition for redetermination of his deficiency on his 2010 taxes with the Tax Court in June 2015. *Id*. at 1. The government moved to

---

[2] The government contends that plaintiff's refund claim is mooted by the fact that the IRS issued plaintiff a refund for the disputed 2010 taxes. On the limited record before me, I cannot say as a matter of law that plaintiff has already received the full amount that he seeks on this claim, so I will not dismiss the refund claim on this basis.

4

> dismiss the petition, arguing that he failed to file his petition within the 90-day deadline following issuance of the notice of deficiency. *Id*. But plaintiff argued (as he continues to argue in this case) that the notice was sent to his old Iowa address, not his current Madison address, which he considered to be his "last known address" for purposes of the IRS rules. *Id*. at 1-2. The Tax Court agreed with plaintiff, stating that the government had failed to show that the notice was sent to plaintiff's last known address. *Id*. at 3. The court then dismissed plaintiff's petition for lack of jurisdiction, because there was not a valid notice of the deficiency. *Id*.

*Wrhel*, 2016 WL 1122103, at *3. Because the Tax Court litigation postdated plaintiff's complaint in the '39 case, I did not need to determine whether the Tax Court proceedings involved an administrative claim meeting IRS exhaustion rules. *Id*. at *3 n.2 ("It is not clear whether the IRS would consider plaintiff's claim in Tax Court to procedurally comply with its rules about the proper way to exhaust a § 7422 claim. *See* 26 C.F.R. §§ 301.6402-2 and 301.6402-3. But I need not reach this issue in ruling that plaintiff failed to exhaust his administrative remedies by the time he filed this lawsuit.").

In the present case, the government states without elaboration that "the fact that Wrhel has prevailed in the United States Tax Court does not change the United States' argument that Wrhel must file an administrative claim." Dkt. 5, at 3 n.3. Because the IRS's administrative rules contemplate claims being made directly to the IRS, as opposed to the judicial branch, it seems clear that plaintiff's Tax Court petition is not a properly filed administrative claim. *See* 26 C.F.R. §§ 301.6402-3 ("In general, in the case of an overpayment of income taxes, a claim for credit or refund of such overpayment shall be made on the appropriate income tax return.") and 301.7433-1(e)(1) ("An administrative claim [for unauthorized collection action] shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently

resides."); *see also* Dkt. 1-1 ("Notice of Levy" from IRS explaining to plaintiff that he may appeal by completing a form for a "Collection Due Process Hearing.")

But even if I were to consider the Tax Court petition as an administrative claim, plaintiff did not comply with the administrative rules: he filed this federal lawsuit in November 2015, before a decision was issued on his claim, and before six months passed from the filing of his Tax Court petition. *See* 26 U.S.C. § 6532(a)(1) ("No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time."); 26 C.F.R. § 301.7433-1(d) (generally, civil action for unauthorized collection action cannot be brought in federal court before the earlier of six months after administrative claim is filed or decision is rendered).[3]

Because plaintiff has failed to follow the IRS's rules for exhausting administrative remedies before bringing a federal lawsuit over misconduct by IRS personnel or erroneous calculation of amounts due, I must dismiss this case. I take no position on whether plaintiff would still be able to timely pursue administrative remedies for his claims.

---

[3] Although there are exceptions to the administrative rules regarding the proper timing of a federal lawsuit following the filing of an unresolved administrative claim, on their face none of them apply and plaintiff does not argue that any of them should.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for appointment of counsel, Dkt. 16, is DENIED.

2. Defendants' motion for summary judgment, Dkt. 6, is GRANTED. Plaintiff's claims are DISMISSED without prejudice for his failure to exhaust his administrative remedies.

3. Plaintiff's remaining motions are DENIED.

4. The clerk of court is directed to enter judgment for defendants and close this case.

Entered August 26, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge